Dennis DUCHEK and Patty Duchek,
Plaintiffs-Respondents,

v.

Mildred CARLISLE,
Defendant-Appellant.

No. 51827.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 8, 1987.

Ernest L. Keathley, Jr., St. Louis, for defendant-appellant.

Lawrence B. Wittles, St. Louis, for plaintiffs-respondents.

KELLY, District Judge.

Mildred Carlisle appeals from the judgment of the circuit court rendered in favor of respondents Dennis and Patty Duchek in their rent and possession action against her. We reverse and remand.

Respondents landlords initiated in associate circuit court their statutory rent and

possession action under chapter 535 RSMo 1978 against appellant tenant. On February 28, 1986, the associate circuit judge ordered that landlords recover possession of the commercial premises previously leased to tenant together with $672.50 for rent due.

Within ten days tenant filed a timely application for a trial *de novo* under § 512.180 RSMo Cum.Supp.1984 (since amended).[1] The appeal for trial *de novo* was before an associate circuit judge, sitting by designation as a circuit judge. On March 10, tenant paid $792.50 into the court's registry and moved the court to dismiss the landlords' action against her on the ground that all rent arrearages and costs had been paid. The $792.50 amount equalled the amount owed under the judgment of February 28, plus $120.00 in rent which became due March 1.

On April 11, 1986, the court denied tenant's motion to dismiss and ruled that the money deposited with it by tenant was not timely filed under § 535.160 RSMo Cum. Supp.1984 when the February 1986 judgment was rendered in the associate circuit court. The court required tenant to post an appeal bond of $1292.50 and applied the $792.50 in the court registry to the appeal bond amount. Tenant posted the remaining amount of the bond required under § 535.110 RSMo Cum.Supp.1984 (since amended) and continued to make periodic payments for rent into the court registry. Tenant also filed an additional motion to dismiss until the scheduled trial date, on the grounds that all rent arrearages and costs had been paid.

On April 23, 1986, the court denied tenant's second motion to dismiss. The court specifically determined that since tenant had failed to pay either the landlords or into the court registry the amount of arrearages plus costs *prior to or on the day* the judgment was originally rendered in associate circuit court on February 28, 1986, tenant could not avail herself of the statutory remedy afforded under § 535.160

RSMo. This section governs the effect of tender of rent before judgment in a rent and possession case. Section 535.160 RSMo Cum.Supp.1984 specifically states:

If the defendant, on the date judgment is given in any action under this chapter, either tender to the landlord, or bring into the court where the suit is pending, all the rent then in arrears, and all costs, all further proceedings in the action shall cease and be stayed; provided, however, that the landlord shall not thereby be precluded from making application for, and being allowed, a trial de novo or appeal from such judgment.

On June 23, 1986, the trial court rendered judgment in favor of the landlords in the amount of $1247.50 plus possession of the premises at issue. Tenant appeals.

Tenant's sole point on appeal contends that, under § 535.160, upon her tender of the rent in arrears plus costs, the trial court should have granted her motion to dismiss the lawsuit against her. She states that the defense of payment of rent and costs available under § 535.160 is equally applicable in a trial de novo afforded her under § 512.180 when tendered before or "on the date judgment is given" in the trial *de novo.*

The landlords respond that the defense of payment of rent and costs is unavailable to appellant in the *de novo* proceeding where payment occurred after the original judgment was rendered in associate circuit court. The landlords argue § 535.160 requires tender "on the date judgment is given" in associate circuit court. As noted earlier, § 535.160 provides that upon defendant's tender of all the rent then in arrears and all costs *"on the date judgment is given in any action* under this chapter ... all further proceedings in the action shall cease and be stayed." (emphasis added).

In addition, § 535.040 RSMo 1978 specifically provides that "if payment of such rent, with all costs, shall not be tendered *before the judge, on the hearing of said*

---

1. All statutory references hereafter are to RSMo Cum.Sup.1984 unless otherwise noted. Several sections of chapter 535 were amended in 1985, effective January 1, 1987, after trial of this action; therefore, the 1985 amendments have no application here.

*cause,* the judge shall render judgment" that the landlord recover the possession of the premises and rent owed. (emphasis added).

Section 535.110 provides that applications for trials *de novo* and appeals shall be allowed and conducted in the manner provided in chapter 512.

Section 512.180 Cum.Supp.1984 (since amended) applies generally to cases heard by associate circuit judges other than those heard on transfer or special assignment and on the record. Although the section is captioned "Appeals from cases tried before associate circuit cases", the hearing is a trial *de novo* and not an "appeal" in the traditional sense where a higher court reviews a lower court's decision. The trial *de novo* is to be conducted as a completely new trial without regard to the initial proceeding before the associate circuit judge. § 512.270 RSMo 1978. Under the authority of § 512.270 RSMo 1978, tenant concludes that the defense of payment available under § 535.160 in the associate circuit court proceeding is equally available even when the payment is tendered after the day the judgment was originally entered in the associate circuit court but before the trial *de novo.* We agree.

Rent and possession actions under chapter 535 provide a very simple and expeditious method of forfeiture for nonpayment of rent, fair to both the landlord and the tenant. *Carbonetti v. Elms,* 261 S.W. 748, 751 (Mo.App.1924). The statute was merely intended by the legislature to provide a fair and equitable statutory forfeiture which the landlord may resort to in lieu of the harsh common law forfeiture, if he elects to do so. *Id.* However, the statute also mollifies the harsh common-law forfeiture in that it permits the tenant to defeat the forfeiture by making a tender in full of the rent in arrears and costs at any time before final judgment is given in the action to recover the demised premises. *Id.*

The "simple and expeditious method", fair to both the landlord and the tenant, under a chapter 535 rent and possession proceeding is a matter within the traditional domain of associate circuit courts, such as unlawful detainers or petitions for hardship driving privileges. Compared with its stricter common law counterpart of forfeiture the statutes under chapter 535 provide a summary, speedy and inexpensive disposition of otherwise minor cases. Landlords believe tenant's position thwarts this intention. They state acceptance of tenant's view permits a tenant to have a trial before the associate circuit court, lose, request a trial *de novo,* and then, just prior to the trial *de novo* judgment, tender into court the amount due. They argue that this permits a tenant to effectively postpone the landlord's attempt to terminate the lease for failure to pay rent while the tenant remains in possession of the landlord's premises for an extended period of time.

Landlords' criticism of the trial *de novo* practice is not unique. Others agree that the trial *de novo* results in unjustified and added expense and delay. *See e.g.* Cohen, "Continuing the Court Reform: Eliminating the Trial De Novo From the Associate Circuit Judge", 39 J.Mo.Bar 200, 205 (1983). Nonetheless, our research discloses no case and suggests no statutory construction capable of circumventing the *de novo* review expressed in §§ 512.180 (since amended) and 512.270 RSMo 1978 (since amended). Nor does any of our research reveal any precedent for not permitting tenant to raise anew at the *de novo* level the defense of payment of rent arrearages allowed at the associate circuit level. Appellant's tender of rent in accordance with § 535.160 RSMo Cum.Supp.1984 after her request for trial *de novo* and before judgment there defeats the landlords' action for rent and possession.

Judgment reversed and remanded.

SATZ, P.J., and CRIST, J., concur.