R.C. FRENCH and Helen French, Plaintiffs–Respondents,

v.

Luther ESTER, Defendant–Appellant.

No. 53290.

Missouri Court of Appeals, Eastern District, Division Two.

May 3, 1988.

Curtis C. Crawford, St. Louis, for defendant-appellant.

Nelson B. Rich, St. Louis, for plaintiffs-respondents.

DOWD, Judge.

Tenant appeals from the judgment entered in favor of landlords in a suit for rent and possession. We reverse.

On June 23, 1984, the parties entered into a commercial lease which provided for an initial two year rental term at the rate of $250.00 per month. The initial term was to end July 31, 1986, but the lease also provided tenant with an option to renew the lease "upon its expiration" at a reason-

able rental amount agreeable to both parties.

During the entire lease period Eagle Realty managed the property for landlords. Tenant paid the monthly rent of $250.00 to Eagle Realty as agent for landlords. Tenant sent a check in the amount of $250.00 for August 1986 rent to Eagle Realty. The initial lease term had expired on July 31, 1986. Eagle Realty returned the check to tenant with a letter notifying tenant that Eagle Realty was no longer managing the property for landlords and that tenant should transact all future business with landlords. Tenant contended he then mailed a check in the amount of $250.00 to landlords to cover the August rent. Landlords denied ever receiving this check.

On August 20, 1986, landlords brought a summary proceeding under § 535.020, RSMo 1978, against tenant for rent and possession. The cause was heard on October 17, 1986, by an associate circuit judge without a jury and judgment for possession of the premises was awarded to landlords together with rent due and costs of the proceeding totaling $750.00.

On October 29, 1986, in accordance with § 512.180, RSMo Cum.Supp.1984, tenant applied to the circuit court for a trial *de novo* of the judgment entered by the associate circuit judge. On this same date, tenant tendered to landlords the amount of the judgment plus rent through November 1986. On December 4, 1986, tenant tendered rent to landlords for the month of December in the amount of $250.00.

In December of 1986, a trial *de novo* was had in the circuit court. Tenant asserted, as a defense to the rent and possession action, the defense of payment available under § 535.160, RSMo Cum.Supp.1984. Tenant contended that a month-to-month tenancy was created after the lease expired and that by paying all rent in arrears and costs to landlords on October 29, 1986, landlords' rent and possession claim should have been extinguished. As an alternate defense, tenant contended that the lease

provided him with an option to unilaterally renew the lease and that tenant had exercised that option. Tenant contended all that remained was for the parties to renegotiate a reasonable rental amount which landlords refused to do.

On February 9, 1987, the circuit court entered judgment for landlords awarding landlords possession of the premises, back rents in the sum of $1,500.00, and costs of court. The trial court concluded a month-to-month tenancy was established after expiration of the lease but that landlords were able to bring the rent and possession action anytime after the August rent became delinquent. The circuit court held that landlords' rent and possession action could only be extinguished if rent or rent and court costs were tendered in open court prior to or on the day the judgment was originally rendered in associate circuit court on October 17, 1986.

The trial court further found that tenant had notified landlords of tenant's intent to exercise his option to renew the lease after the lease had expired and that landlords refused to negotiate renewal of the lease with tenant. The court concluded, however, that landlords were not bound to negotiate with tenant under the terms of the lease in that there is no lease renewal where the parties cannot agree upon a reasonable amount of rent.

We disagree with the trial court's determination that landlords' rent and possession action was not extinguished by tenant's tender of rent and costs. As this court recently held in *Duchek v. Carlisle*, 735 S.W.2d 791 (Mo.App.1987), the defense of payment available under § 535.160 in the associate circuit court proceeding is equally available when payment is tendered after the date the judgment was originally entered by the associate circuit judge but before the trial *de novo*. *Id.* at 793.[1]

As we conclude the defense of payment of rent arrearages defeats landlords' action for rent and possession, we need not address tenant's allegations of error regard-

---

1. The respondent failed to favor us with a brief.

ing the circuit court's construction of the option to renew clause in the lease.

Judgment reversed and remanded.

STEPHAN, P.J., and PUDLOWSKI, J., concur.