**Sherry BYRNE and Classic Cottages, LLC, Plaintiffs–Respondents,**

v.

**Josh MOORE and Ann Moore, Defendants–Appellants.**

**No. SD 30631.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 18, 2011.

James R. Sharp, Springfield, MO, for Appellants.

James R. Fossard, Springfield, MO, for Respondents.

JEFFREY W. BATES, Judge.

Josh and Ann Moore (Tenants) appeal from a judgment entered against them in a Chapter 535 RSMo rent and possession action brought by Sherry Byrne and Classic Cottages, LLC (Landlord). Tenants contend the trial court should have dismissed the action prior to the trial de novo requested by Tenants because they had posted a bond in the amount of the underlying judgment. Because the record does not show that Tenants raised this issue below, we affirm.

On April 16, 2010, Landlord filed a verified petition for rent and possession, pursuant to § 535.020 RSMo Cum.Supp. (2009), in the Circuit Court of Greene County, Missouri.[1] Pursuant to local rule 6.1.1.b(1)(a), the case was assigned to an associate circuit judge for disposition. The petition alleged that: (1) Tenants had leased a house from Landlord under a month-to-month tenancy at the rental rate of $550 per month; (2) the rent was due on the 2nd day of each month; (3) the April rent was due and unpaid; (4) Tenants then owed $550 as rent, plus a $300 pet fee and two months' unpaid late fees; (6) Landlord had demanded payment of the rent, but Tenants failed to pay it; and (7) Landlord was entitled to possession of the premises and to recover $1,300 from Tenants for accrued rent and unpaid fees.[2] On April 21st, an attorney representing Tenants entered his appearance and filed a certificate of inability to pay costs, fees and expenses pursuant to § 514.040.3.[3]

The case was tried to the court on May 6th. During the hearing, Tenants tendered $550 for the April rent, and Landlord accepted that sum in open court. The May rent, however, was due and still unpaid. The court entered a judgment against Tenants for $550 as May rent and ordered them to pay said sum by 5:00 p.m. that day. The judgment also granted Landlord the right to immediate possession of the demised premises. Court costs were waived. Tenants did not pay the May rent by 5:00 p.m.

On May 10th, an execution was issued to the Greene County Sheriff for possession of the demised premises. On May 12th, Tenants filed a request for a trial de novo and a motion to stay execution pursuant to

---

1. Unless otherwise specified, all further references to statutes are to RSMo (2000). All references to rules are to Missouri Court Rules (2010).

2. In an action for unpaid rent, a landlord may join a claim for any other unpaid sums, other than property damage, but such sums are not to be considered rent for purposes of Chapter 535. § 535.020 RSMo Cum.Supp. (2009).

3. Tenants are represented on appeal by a different attorney.

§ 535.110.[4] The motion asserted that: (1) Tenants were unable to pay the May rent by the 6th; (2) an execution had been issued on the judgment of possession; (3) Tenants were entitled to request a trial de novo; (4) pursuant to § 535.110, Tenants were entitled to a stay of execution by giving a bond to pay all damages, costs and rent then due with a condition to stay waste and pay all rent as it becomes due within ten days of its due date; and (5) in compliance with § 535.110, Tenants had posted the sum of $550 with the Greene County Associate Circuit Clerk to serve as the bond. Tenants asked the court to stay execution of the judgment for possession and grant them a trial de novo. The docket sheet notes receipt of the $550 from Tenants and states that the money was placed in open items pending further order by the judge.

On May 13th, the court held a hearing on Tenants' motion to stay. The judge set the bond amount at $550 and noted that the bond had been posted by Tenants. Execution on the judgment for possession was stayed pursuant to § 535.110 pending the outcome of the trial de novo. As required by § 535.110, the court further ordered Tenants to stay waste and pay all subsequently accruing rent into court within 10 days after it became due.

On May 20th, the trial de novo was held. Immediately after the trial de novo concluded, the court entered a written judgment. The court granted Landlord a judgment for possession of the demised premises due to Tenants' violation of the "no pet" clause in the lease. The court also granted Landlord a judgment against Tenants for the $550 in May rent that was then due and owing. The court ordered the circuit clerk, who was holding $550 for Tenants as bond money, to release that sum to Landlord. Finally, the court also gave Landlord a judgment against Tenants for the sums of $110 as late fees and $300 as attorney's fees. On May 21st, the circuit clerk paid the $550 bond money on deposit to Landlord's attorney, as the trial court had ordered. This appeal followed.

■ Appellate review is governed by Rule 84.13(d) and the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[5] "We must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Salem United Methodist Church v. Bottorff*, 138 S.W.3d 788, 789–90 (Mo.App. 2004).

■ On appeal, Tenants contend in their point relied on that the trial court lacked "jurisdiction" to enter judgment at the trial de novo. Tenants assert that, after they posted the $550 bond in connection with their request for a trial de novo, the trial court lacked jurisdiction to do anything other than dismiss the action *sua sponte* pursuant to § 535.160. This assertion has no merit. In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), our Supreme Court issued a watershed opinion which greatly simplified the

4. This statute states: "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo; but no application for a trial de novo or appeal shall stay execution unless the defendant give bond, with security sufficient to secure the payment of all damages, costs and rent then due, and with condition to stay waste and to pay all subsequently accruing rent, if any, into court within ten days after it becomes due, pending determination of the trial de novo or appeal."

5. *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

way jurisdictional analysis is conducted. As the *J.C.W.* court explained:

> Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law. Subject matter jurisdiction is governed by article V of the Missouri Constitution.

*Id.* at 252 (footnote omitted). Because the docket sheet in this case shows proper service upon Tenants on April 20th, personal jurisdiction is not at issue here. The *J.C.W.* court defined subject matter jurisdiction as "the court's authority to render a judgment in a particular category of case." *Id.* at 253. Our state constitution grants circuit courts "original jurisdiction over all cases and matters, civil and criminal." Mo. CONST. art. V, § 14. The civil action against Tenants was brought in circuit court. The Constitution grants subject matter jurisdiction over civil cases to circuit courts. Therefore, the trial court had subject matter jurisdiction over this rent and possession action. *Hightower v. Myers,* 304 S.W.3d 727, 733 (Mo. banc 2010).

Assuming *arguendo* that the trial court was barred from granting relief at the trial de novo by § 535.160, the court's alleged noncompliance with this statute can only be reviewed for legal error. *Schmidt v. State,* 292 S.W.3d 574, 577 (Mo.App.2009). Because the record does not establish that this issue was raised below, it has not been preserved for appellate review. *Belden v.*

*Donohue,* 325 S.W.3d 515, 518 (Mo.App. 2010). Tenants' argument is based upon *French v. Ester,* 749 S.W.2d 461 (Mo.App. 1988) and *Duchek v. Carlisle,* 735 S.W.2d 791 (Mo.App.1987). In each of those cases, the tenant: (1) specifically asserted the defense of payment pursuant to § 535.160; (2) asked the trial court to dismiss the action; and (3) received an adverse ruling. *French,* 749 S.W.2d at 462; *Duchek,* 735 S.W.2d at 792–93. In the case at bar, the record on appeal consists solely of the legal file.[6] After reviewing it, we have found nothing to suggest that Tenants asserted the defense of payment pursuant to § 535.160, moved for a dismissal and suffered an adverse ruling. We cannot convict the trial court of committing error with respect to an issue the court was not asked to decide. *Solberg v. Graven,* 174 S.W.3d 695, 702 (Mo.App. 2005).

The judgment of the trial court is affirmed.

RAHMEYER, P.J., and FRANCIS, J., Concur.

---

**6.** We have not been provided with a transcript from the trial de novo. The docket sheet states that there was "[n]o request for an electronic record and matter proceeds." It appears that the trial court should have made a record of the proceeding. § 512.270. That issue, however, is not before us because Tenants make no claim on appeal that the trial court erred by failing to make a record of the proceeding. If Tenants wanted a record made, it was incumbent on them to make a timely request to the court. *Hedrick v. Director of Revenue,* 207 S.W.3d 675, 677–78 (Mo.App.2006).