

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| BMJ PARTNERS, | ) | No. ED103033 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas C. Clark, II |
| KING'S BEAUTY DISTRIBUTOR CO., | ) | |
| | ) | |
| Appellant. | ) | FILED: December 6, 2016 |

## Introduction

King's Beauty Distributor Co. ("King's Beauty") appeals from the judgment of the trial court entered after a bench trial. King's Beauty leased property owned by BMJ Partners ("BMJ"). BMJ sued for rent and possession under Section 535.010,[1] alleging that King's Beauty breached the lease agreement by failing to pay rent. On appeal, King's Beauty argues that the trial court erred in awarding possession of the property to BMJ because BMJ did not give notice of termination under Paragraph 22(A)(1) of the lease agreement. Because King's Beauty did not present this argument to the trial court, we will not consider this argument on appeal. The trial court's judgment is affirmed.

---

[1] All statutory references are to RSMo (2000), unless otherwise noted.

<u>Factual and Procedural History</u>

King's Beauty leased property owned by BMJ in the City of St. Louis. The original lease was for a five-year period beginning in October 2007. After two amendments to the lease agreement, the initial term was extended through December 2017. BMJ filed a petition for rent and possession against King's Beauty in December 2014, alleging that King's Beauty had stopped paying rent and owed $128,048.96 for rent and other charges allowed by the lease. The trial court conducted a bench trial.

In its case-in-chief, BMJ called Angela Zimmerly ("Zimmerly"), an employee for the company that managed the property for BMJ. During Zimmerly's testimony, the trial court admitted the lease agreement into evidence. Zimmerly testified that BMJ had stopped paying rent and that the outstanding balance on the date of trial was $168,422.52.

After BMJ rested its case, King's Beauty filed a motion for judgment.[2] King's Beauty asserted that BMJ failed to prove that it complied with the termination provision in the lease agreement. Specifically, counsel claimed that Paragraph 22(A) of the lease agreement required a written notice of default before termination. "So," counsel for King's Beauty concluded, "there [was] no testimony before you, Judge, as to written notice of a default, which is required."

In addition to its oral argument at trial, King's Beauty submitted a written memorandum of law accompanying the motion for judgment. The memorandum asserted that Paragraphs 22(A) and 33(D) of the lease agreement required a written notice of default, sent by registered or certified mail, before the lease could be terminated. The memorandum concluded that, because

---

[2] Actually, counsel for King's Beauty purported to move for directed verdict. In a bench trial, however, there is no jury verdict to direct, so such a motion was improper. When a party improperly moves for a directed verdict in a bench trial, we properly construe the motion as one for judgment under Mo. R. Civ. P. 73.01(b). <u>Royal Forest Condo. Owners's Ass'n v. Kilgore</u>, 416 S.W.3d 370, 372 n.1 (Mo. App. E.D. 2013).

2

BMJ failed to show that written notice of default was given under Paragraph 22(A), BMJ did not prove that it met a condition precedent to terminate the lease.

The trial court overruled King's Beauty's motion for judgment. The bench trial continued, with King's Beauty presenting evidence in defense and then BMJ offering rebuttal evidence.

During that rebuttal evidence, the trial court admitted Exhibits 3 and 4. Exhibit 3 was a letter from BMJ's attorney to King's Beauty on March 5, 2014, which was sent via certified mail. The letter informed King's Beauty that it had failed to pay rent, and it demanded payment of the amount then due within ten days. The letter explicitly stated, "This is a Notice of Default." Exhibit 4 was another letter from BMJ's attorney to King's Beauty sent via certified mail and dated June 2, 2014. This letter also demanded payment for the amount then due and stated that it was a "Notice of Default." Both exhibits included the corresponding return receipts from the post office indicating that the letters had been delivered to the leased property. After BMJ's rebuttal evidence, the case was submitted.

The trial court issued a written judgment finding for BMJ and against King's Beauty. The trial court found that King's Beauty failed to pay the required monthly rent and expenses. The written judgment specifically addressed King's Beauty's contention that BMJ failed to comply with Paragraph 22(A). The trial court found that Exhibits 3 and 4 provided written notice of default under Paragraph 22(A). In conclusion, the trial court awarded BMJ possession of the property and $191,616.36 in damages, attorney's fees, and interest. This appeal follows.[3]

---

[3] We note that, on appeal, a non-attorney managing partner of BMJ attempted to file the respondent's brief. BMJ is a limited partnership. Limited partnerships, as statutory entities, may only appear in Missouri courts through a licensed attorney. Naylor Senior Citizens Hous., LP v. Sides Constr. Co., 423 S.W.3d 238, 246 (Mo. banc 2014). Thus, BMJ's brief was struck from the record.

3

## Point on Appeal

King's Beauty's sole point on appeal argues that the trial court erred in awarding BMJ possession of the leased premises. Specifically, King's Beauty contends that BMJ did not provide written notice of termination, which was a condition precedent to terminating the lease under Paragraph 22(A)(1) of the lease agreement.

## Standard of Review

Our review of a court-tried case is governed by the principles set forth by the Supreme Court in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id. We defer to the trial court's factual findings if they are supported by substantial evidence, but we review the trial court's legal conclusions de novo. Royal Forest Condo. Owners's Ass'n v. Kilgore, 416 S.W.3d 370, 373 (Mo. App. E.D. 2013). We review the language of a lease agreement de novo. Brittany Sobery Family Ltd. v. Coinmach Corp., 392 S.W.3d 46, 50 (Mo. App. E.D. 2013).

## Discussion

King's Beauty argues that the trial court erred in awarding BMJ possession of the property because BMJ did not comply with a condition precedent to terminate the lease. That condition precedent, King's Beauty asserts, was the requirement in Paragraph 22(A)(1) of the lease agreement that requires written notice of *termination*. Even assuming arguendo that BMJ needed to prove compliance with Paragraph 22(A)(1) to succeed on its claim for rent and

4

possession,[4] King's Beauty did not make this argument before the trial court so we will not consider it on appeal.

Paragraph 22 of the lease agreement states, in relevant part:

22.     Default: This Lease is made on condition also that if any one or more of the following events (herein referred to as an "event of default") shall happen:
A.     Lessee shall default in the due and punctual payment of the rent or any additional rent payable hereunder, and such default shall continue for ten (10) days after receipt of written notice from Lessor;

...

Then, in such event, Lessor shall have the right at its election, then or at any time thereafter, and while such event of default shall continue, and without limiting Lessor in the exercise of any other right or remedy Lessor may have on account of such default, either:

...

(1)     To give Lessee written notice of the termination of this Lease on the date of such notice or on any later date specified therein; and that within ten (10) days of any such notice, Lessee's right to possession of the Premises shall cease and this Lease shall thereupon be terminated; or ....

When interpreting lease agreements, we follow the rules of construction governing contracts. Brittany Sobery Family Ltd., 392 S.W.3d at 50. We determine whether the plain language of the agreement clearly addresses the issue at hand. TAP Pharm. Prods. Inc. v. State Bd. of Pharmacy, 238 S.W.3d 140, 143 (Mo. banc 2007). If the language is clear and addresses the disputed matter, the inquiry ends. Id.

---

[4] While we do not reach the merits, we are skeptical about King's Beauty's argument. BMJ did not sue King's Beauty for breach of contract, but pursued an action for rent and possession under Section 535.010. To prove a case for rent and possession, the "Landlord need only show that Tenant failed to pay rent and that Landlord has made a demand for that rent." Ellsworth Breihan Bldg. Co. v. Teha Inc., 48 S.W.3d 80, 82 (Mo. App. E.D. 2001) (citing Section 535.020). Section 535.020 (Cum. Supp. 2012) requires the allegations in a petition for rent and possession to state: "the terms on which the property was rented, the amount of rent due, that a demand for unpaid rent was made, that payment has not been made, and a description of the leased property." Northwest Plaza, L.L.C. v. Michael-Glen, Inc., 102 S.W.3d 552, 558 (Mo. App. E.D. 2003). The plain language of Section 535.020 does not require a Landlord to terminate a lease before suing for rent and possession. King's Beauty's brief on appeal assumes, but does not explain why, BMJ was required to prove its compliance with Paragraph 22(A)(1)'s notice-of-termination provision as an element of its claim for rent and possession. We do not see how King's Beauty carried its burden to demonstrate trial-court error. See Scheck Indus. Corp. v. Tarlton Corp., 435 S.W.3d 705, 717 (Mo. App. E.D. 2014) ("The trial court's judgment is presumed valid, and the burden is on the appellant to demonstrate its incorrectness." (internal citation omitted)).

5

The plain language of Paragraph 22 clearly contemplates two steps to terminate the lease and regain possession: (1) written notice of *default* under Paragraph 22(A) and then—if the lessee is still in default ten days later—(2) written notice of *termination* under Paragraph 22(A)(1). Additionally, Paragraph 33(D) of the lease agreement requires all notices to be in writing and deems notice properly given if sent by registered or certified mail to the leased property with postage prepaid and return receipt requested. King's Beauty argued at trial that BMJ did not provide notice of *default* under Paragraph 22(A), but there was no argument at trial about the notice of *termination* under Paragraph 22(A)(1), which is King's Beauty's only argument on appeal.[5] Further, the trial court did not address Paragraph 22(A)(1) in its judgment.

Absent some constitutional imperative not present here, it is not the role of this Court to grant relief on arguments that were not presented to or decided by the trial court. Barkley v. McKeever Enterprises, Inc., 456 S.W.3d 829, 839 (Mo. banc 2015). This rule applies regardless of the merits of the new argument. Id. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." Id. (quoting In re Adoption of C.M.B.R., 332 S.W.3d 793, 814 (Mo. banc 2011)). We will not convict the trial court of error on an issue that was not before it. Byrne v. Moore, 332 S.W.3d 864, 867 (Mo. App. S.D. 2011).

Counsel for King's Beauty suggests that his argument before the trial court encompassed both notice of default and notice of termination. Because counsel focused on the lack of a notice of default in oral argument with the trial court, he argues that he never reached the notice-of-termination requirement. We are not persuaded. King's Beauty also filed a memorandum of law in addition to orally arguing the legal issues before the trial court. This memorandum similarly

---

[5] At oral argument, counsel for King's Beauty was also unable to show us where, in the record, Paragraph 22(A)(1) was argued at trial.

6

failed to argue that—even if notice of default was given under Paragraph 22(A)—notice of termination was not given under Paragraph 22(A)(1). Instead, the memorandum's argument rested entirely on the lack of a notice of default under Paragraph 22(A). King's Beauty cannot complain of trial-court error when it had every opportunity to present Paragraph 22(A)(1) to the trial court, and it failed to do so. See Barkley, 456 S.W.3d at 839.

King's Beauty's failure to argue BMJ's compliance with requirements of Paragraph 22(A)(1) before the trial court precludes us from considering this argument on appeal. Because BMJ's alleged non-compliance with Paragraph 22(A)(1) is the only argument King's Beauty raises on appeal, we find no trial-court error. Point denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

7