

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| LOGAN R. HUMPHREY, | ) | No. ED111155 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| TRAMAR CONTRACTING, INC., | ) | |
| AND | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: May 30, 2023 |

## I.    Introduction

Logan Humphrey ("Humphrey") appeals from the decision of the Labor and Industrial Relations Commission (the "Commission") denying his claim for unemployment benefits due to his failure to timely appeal the deputy's determination to the Appeals Tribunal of the Division of Employment Security (the "Division"). However, because the appeal was not timely filed, the Appeals Tribunal expressly did not address the merits of the deputy's determination. Humphrey's employer, Tramar Contracting, Inc. ("Tramar"), and the Division are the respondents herein.

Humphrey brings two points on appeal. However, because neither point addresses the timeliness issue, we may not consider the separate issues raised therein, which are unpreserved for appellate review under applicable Missouri law. Furthermore, even if we could consider the

issues Humphrey attempts to appeal, his brief also fails to comply with Rule 84.04[1] in several respects. Therefore, we affirm the Commission's decision.

## II.        Factual and Procedural Background

On October 20, 2021, a deputy of the Division determined that Humphrey was ineligible for unemployment benefits for the period from December 20, 2020, based on a finding that he was "not unemployed" during the relevant period. Humphrey appealed the deputy's determination to the Appeals Tribunal of the Division on December 17, 2021. However, because it appeared from the Division's records that the appeal was not timely filed, a hearing was set, first, to determine the timeliness of the appeal, and second, to take evidence on the merits of Humphrey's appeal (if the appeal was timely filed). A telephone hearing was held on April 19, 2022, at which Humphrey testified. Tramar did not participate in the hearing.

On May 23, 2022, the Appeals Tribunal issued a decision concluding that Humphrey's appeal was not timely filed, and thus, the deputy's determination became final. In its findings of fact, the Appeals Tribunal found that the deputy's determination was mailed to Humphrey's designated mailing address on October 20, 2021, notifying him that he could appeal the determination not later than November 19, 2021, and included a mailing address, fax number, and an internet address as means to file the appeal.

The Appeals Tribunal also found that Humphrey alleged he did not remember whether he received the deputy's determination, but that he also admitted he may have received it and most likely "overlooked" it because he had not received anything like it in the past. Thus, the Appeals Tribunal found that Humphrey received the determination prior to November 19, 2021, but he "did not read, or thoroughly read, the determination." Finally, the Appeals Tribunal found that

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

"no credible evidence was provided showing the Division did anything to cause or contribute to any delay in [Humphrey] filing his appeal."

In its conclusions of law, the Appeals Tribunal noted that there were two issues: (1) whether Humphrey timely filed his appeal; and (2) whether there was good cause to extend the thirty-day period to file the appeal. On the first issue, the Appeals Tribunal concluded that the appeal was not timely filed. On the second issue, the Appeals Tribunal initially noted that Humphrey bore the burden of showing that he had good cause for untimely filing his appeal, which involves showing that he "acted reasonably and in good faith under all the circumstances," citing *King v. Div. of Emp. Sec.*, 964 S.W.2d 832, 836 (Mo. App. W.D. 1998). The Appeals Tribunal concluded that Humphrey failed to meet his burden of showing good cause for extending the appeal period, citing *Lester E. Cox Med. Ctr. v. Labor and Indus. Relations Comm'n*, 593 S.W.2d 610, 612 (Mo. App. S.D. 1980). The Appeals Tribunal also concluded that Humphrey's failure to file a timely appeal "was due to his own actions or lack thereof," and that he "had the time and opportunity to file his appeal prior to the deadline of November 19, 2021." Therefore, the Appeals Tribunal expressly stated that it could not address the merits of Humphrey's appeal because it was without jurisdiction to do so due to the untimely appeal.

Humphrey filed an application for review with the Commission, which affirmed the decision of the Appeals Tribunal by 2-1 majority decision dated October 14, 2002. The majority found that the Appeals Tribunal's decision was "fully supported by the competent and substantial evidence on the whole record," and adopted the decision as its own. This appeal follows.

3

## III.    Standard of Review

We review "the *Commission's* decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" *Lexow v. Boeing Co.*, 643 S.W.3d 501, 504 (Mo. banc 2022) (quoting Mo. Const. art. V, sec. 18) (emphasis added).  We will affirm the award unless: (1) the Commission acted without or beyond its powers; (2) the decision was fraudulently procured; (3) the Commission's findings of fact do not support the award; or (4) there was not sufficient competent evidence in the record to support the award.  § 287.495.1[2]; *Schoen v. Mid-Missouri Mental Health Ctr.*, 597 S.W.3d 657, 659 (Mo. banc 2020).  "Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the [C]omission within its powers shall be conclusive and binding."  § 287.495.1.  Furthermore, we only examine questions of law, which we review *de novo*.  § 287.495.1; *Schoen*, 597 S.W.3d at 659.

## IV.    Discussion

We initially address the threshold issue of preservation, which warrants denial of Humphrey's points on appeal.  Although neither of Humphrey's points relied on complies with the specific requirements of Rule 84.04(d)(2), to the extent we understand each point, they both appear to address the ***merits*** of the deputy's initial determination that he was ineligible for benefits because he was "not unemployed."  However, neither point, or the argument that follows, address the actual basis for the Appeals Tribunal's decision to affirm the deputy's determination—that Humphrey's appeal of the deputy's decision to the Appeals Tribunal was ***untimely***.  In fact, in its decision, the Appeals Tribunal expressly stated that because it concluded the appeal was untimely, it "**cannot** decide on the merits of the determination where it is without jurisdiction…" (emphasis added).

---

[2] All statutory references are to RSMo (2016), unless otherwise specified.

In his first point on appeal, Humphrey argues the Commission's decision was "procured by fraud," but he does not explain, either in the point or the argument that follows, *how* the *Commission's decision* regarding the timeliness of Humphrey's appeal was procured by fraud. Instead, Humphrey focuses his attention on the deputy's initial determination, rather than *the Commission's* decision. The complete text of Humphrey's first point is as follows:

> The Labor and Industrial Relations Commission erred in concluding that Mr. Humphrey is ineligible for unemployment benefits based upon the deputy's determination of being ineligible, because the Commission's decision was procured by fraud. In Section 288.210, RSMo, it states "The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Due to the fact that there is not an absence of fraud, the jurisdiction of the appellate court shall not be confined to questions of law.

In his second point on appeal, Humphrey argues that the Commission's decision that he was ineligible for benefits was not based on competent and substantial evidence in that *the Division* had "no credible reason to determine eligibility on 10/20/2021 for claims from 12/20/2020." However, Humphrey does not explain, in the context of the case, the legal basis for this contention of error, as required under Rule 84.04(d)(2). Instead of focusing his point and argument on the timeliness issue decided by the Commission, Humphrey continues to focus on the merits of the deputy's initial decision. The complete text of Humphrey's second point is as follows:

> The Labor and Industrial Relations Commission erred in concluding that Mr. Humphrey is ineligible for unemployment benefits, because the commission's decision was not based on competent or substantial evidence that Mr. Humphrey was ineligible under Section 288.040, RSMo (2019) in that the DES had no credible reason to determine ineligibility on 10/20/21 for claims from 12/20/2020.

5

Humphrey cannot appeal any issue that was not expressly presented to or decided by *the Appeals Tribunal or the Commission*. "[I]t is not the role of this Court to grant relief on arguments that were not presented to or decided by the trial court." *BMJ Partners v. King's Beauty Distrib. Co.*, 508 S.W.3d 175, 179 (Mo. App. E.D. 2016) (citing *Barkley v. McKeever Enterprises, Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015)); *see also State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 129 (Mo. banc 2000) (recognizing that "[a]n issue that was never presented to or decided by the trial court is not preserved for appellate review"). "This rule applies regardless of the merits of the new argument." *BMJ Partners*, 508 S.W.3d at 179. Furthermore, "[w]e will not convict the trial court of an error on an issue that was not before it." *Id*. at 179-80.

We apply the same rule to this *administrative agency* decision, as our Supreme Court recently did in *Weibrecht v. Treasurer of Missouri*, 659 S.W.3d 588 (Mo. banc 2023), in declining to review a decision of the Commission involving a claim for worker's compensation benefits under the Second Injury Fund. *Weibrecht* similarly recognized that "[a]ppellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Id*. at 592 n.4 (quoting *City of Aurora v. Spectra Comms. Grp.*, 592 S.W.3d 764, 789 (Mo. banc 2019)).

Therefore, because the specific issues Humphrey attempts to appeal were not decided by the Commission, they are not preserved for appellate review, and we cannot consider them.[3]

Points I and II are denied.[4]

---

[3] Our review of the hearing transcript indicates that although the referee's examination of Humphrey during the hearing primarily focused on the facts surrounding the timeliness issue (as well as some general background facts regarding his employment with Tramar), Humphrey never directly asserted the issues he attempts to raise in his two points relied on to this Court, despite the referee specifically asking him whether he had anything else to add to the record at the conclusion of the hearing.

[4] We further note that Humphrey's brief violates several provisions of Rule 84.04, which are mandatory in any appeal. *See Lexow*, 643 S.W.3d at 505. These violations include the following: (i) Humphrey's points relied do not

## V.  Conclusion

For the reasons set forth above, we affirm the Commission's decision denying Humphrey's claim for unemployment benefits because his appeal to the Appeals Tribunal was untimely.

_____

Kelly C. Broniec, Presiding Judge

Philip M. Hess, J. and
James M. Dowd, J. concur.

---

comply with Rule 84.04(d)(2); (ii) Humphrey's statement of facts included numerous argumentative statements and failed to include any citations to the record, in violation of Rule 84.04(c); and (iii) the brief did not include a concise statement describing whether the errors were preserved for appellate review, and if so, how, in violation of Rule 84.04(e).  Therefore, Humphrey's brief preserved nothing for appellate review.  *Id.*; *Hoock v. SLB Acquisition, LLC*, 620 S.W.3d 292, 303-04 (Mo. App. E.D. 2021).  However, because we have already determined that both of Humphrey's points relied on are not preserved for appellate review because they do not address the timeliness issue, we need not discuss the briefing violations in detail, which would constitute separate grounds for dismissing Humphrey's appeal outright.